DICKINSON,
Presiding Justice, dissenting:
¶ 254. During deliberations, the jury sent the trial judge a note asking, “Does murder escalate the sex automatically to sexual battery?” The jury obviously wondered whether — because there was a murder involved — conduct that did not amount to sexual battery should be “escalated” to sexual battery. The clear, unequivocal, indisputable answer to the jury’s question was “no.”
¶ 255. In order to find capital murder based on sexual battery, the elements of the alleged sexual battery must be established, regardless of the murder. Rather than assisting the jurors, the trial judge allowed them to convict Galloway without an adequate understanding of a crucial element of capital murder. For this reason, I must dissent.
¶ 256. If the jury believed beyond a reasonable doubt that Galloway’s conduct met the elements of sexual battery, there would have been no reason for them to inquire about “escalating” that conduct to sexual battery. It is no answer — as the majority finds — to simply refer the jurors to the jury instructions — the source of their confusion to begin with.
¶ 257. Since the trial judge refused to clarify[9] the instructions for the clearly-confused jury, I would reverse Galloway’s conviction and remand for a new trial.
KITCHENS AND KING, JJ., JOIN THIS OPINION.

. Girton v. State, 446 So.2d 570, 572 (Miss.1984) ("Unless it is necessary to give another instruction for clarity or to cover an omission, it is necessary that no further instruction be given.”) (emphasis added).